| | | | |
|---|---|---|---|
| | **United States District Court**<br>**District of Oregon** | | |

| | | | |
|---|---|---|---|
| Case Number: | **3:11-cr-00247-BR** | | Dated: **06/20/2012** |
| Case Name: | <u>**US v. NEUMAN, et al**</u> | | |
| Presiding Judge: | **Anna J. Brown** | Courtroom Deputy: | **Bonnie Boyer** |

**RECORD OF :** ORDER

The Court and counsel have received from AFPD Schatz, counsel for Brian Stevens, a Response for Disclosure of Stevens' Presentence Investigation Report and Request for Protective Order. The Court directs the Clerk to file this submission in the record of this case and to provide Mr. Schatz with notice of this Order and any other entry related to review of the Stevens PSR.

At the Status Conference on June 19, 2012, the parties confirmed there were no other written submissions or arguments for the Court to consider in order to complete its *in camera* review of the Stevens PSR. Having now completed that review in light of the submissions of the parties and Mr. Schatz, the Court makes the following **ORDER**:

1. Because Mr. Schatz notes there is not any objection to release of Paragraphs 46, 47, and 48 of the Stevens PSR, the Court directs the United States Probation Office to provide to all counsel in this matter the text of those three paragraphs.

2. The Court sustains Mr. Schatz's objection to disclosure of the information included in Paragraphs 78-85, 87, 88, 89, 90, and 93-95 of the Stevens PSR. These Paragraphs cover the following topics: Personal and Family Data, Physical Condition, Mental and Emotional Health, Substance Abuse, Education and Vocational Skills, and Financial Condition (Ability to Pay). The Court concludes none of the personal information reflected in these paragraphs qualifies for production under *Brady*. Instead, these paragraphs contain the usual kind of personal and background information, much of which is quite dated, typically necessary for a sentencing assessment of Stevens' "personal history and characteristics," and none of the information has any probative bearing on Stevens' credibility as a witness in this matter. Accordingly, the content of these Paragraphs shall not be disclosed.

3. Although Paragraphs 52-57 reflect Stevens' first-person statement submitted for the PSR by Mr. Schatz, the record reflects this content has already been produced to all defense counsel in this matter, and, therefore, the content of these Paragraphs need not be disclosed again.

4. With respect to the defense request (#133) that the Court review the PSR for "the identity

| | | | |
|---|---|---|---|
| cc: | [ ] Chambers | [ ] Probation Office | |
| | [ ] Counsel of Record | [ ] Pretrial Services Office | |
| | [ ] Jury Clerk | [ ] U.S. Marshal's Office | |

**CRIMINAL MINUTES**                                                                                             Document Number: _____
Hon. Anna J. Brown

of any potential witness ... who might provide information favorable to the defense," the Court notes that, in addition to the Defendants in this matter, the PSR makes mention of "CFO Kyle Cummings," and Paul Neiffer, but does not provide any particular content to suggest these individuals have any information relevant to defense interests in this case. Accordingly, the Court does not find any basis to produce parts of the PSR as related to these persons.

5.     With respect to the defense request the Court review the PSR for information "concerning the loss attributed to Mr. Stevens," the Court directs the United States Probation Office to disclose Paragraphs 61 and 62 related to the Base Offense Level and Specific Offense Characteristics calculations recommended for Stevens.

6.     With respect to all of the other enumerated topics for review in the defense submission (#133), the Court concludes there is not any other material in the Stevens PSR that is responsive to these topics and, in any event, that would be discoverable under *Brady*.

7.     In summary, the Court directs the United States Probation Office to produce to all counsel in this case the content of Paragraphs 46, 47, 48, 61, and 62 of the Stevens PSR. Although Mr. Schatz requested a protective order for any PSR material the Court ordered produced, the Court concludes a protective order is not necessary as to these particular paragraphs.

The Court directs the Clerk to provide a copy of this Order to the United States Probation Office.

IT IS SO ORDERED.

---

cc:    [ ] Chambers            [ ] Probation Office
       [ ] Counsel of Record   [ ] Pretrial Services Office
       [ ] Jury Clerk          [ ] U.S. Marshal's Office

---

**CRIMINAL MINUTES**                                    Document Number: _____
  Hon. Anna J. Brown