IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:11-CR-247-BR |
| Plaintiff, | ORDER |
| v. | |
| MARK A. NEUMAN, TIMOTHY D. LARKIN, and LYON D. LYONS, | |
| Defendants. | |

**S. AMANDA MARSHALL**
United States Attorney
**SETH D. URAM**
**DONNAMARIE MADDUX**
Assistant United States Attorneys
1000 S.W. Third St., Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

**EMILY SIMON**
26 N.E. 11th Avenue
Portland, OR 97232
(503) 239-6101

1 - ORDER

**TODD H. GROVER**
Ward Grover, LLP
233 S.W. Wilson Avenue, Suite 204
Bend, OR 97702
(541) 312-5150

      Attorneys for Defendant Mark A. Neuman

**JANET LEE HOFFMAN**
**CARRIE MENIKOFF**
Janet Hoffman & Associates, LLC
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
(503) 222-1125

      Attorneys for Defendant Timothy D. Larkin

**JOHN S. RANSOM**
Ransom Blackman, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR 97204
(503) 228-0487

**MATTHEW A. SCHINDLER**
P.O. Box 324
Lake Oswego, OR 97034
(503) 699-7333

      Attorneys for Defendant Lane D. Lyons

**BROWN, Judge.**

The Court has completed its consideration of the parties' briefing and counsel's oral argument at the March 8, 2013, hearing as to those fully-briefed portions of Defendants' joint Motion *in Limine* (#191) and makes this Order **GRANTING in part** and **DENYING in part** the Motion as follows:

With respect to Part B (Other Acts), the Court notes this submission does not address any particular evidence and provides

only general discussion about the standards for admissibility of other-acts evidence. Accordingly, there is not any specific ruling the Court is able to make on this record. To the extent that Defendants wish the Court to preclude the government from offering in the jury's presence any specific, other-acts evidence, Defendants should notify the Court and the government either by objection in the course of trial or by raising the issue otherwise outside of the presence of the jury.

With respect to Part C (Federation of Exchange Accommodators (FEA)), the issue is pending further briefing (#237).

With respect to Part D (Century Exchange and Midnight Mortgagors), the government reported it does not intend to offer this evidence against any Defendant. Accordingly, Part D of Defendants' Motion is **DENIED as moot.**

With respect to Part E (Duty to Disclose), government counsel agreed at the March 8, 2013, hearing not to refer in the jury's presence to the relationship between Defendants and the Exchangers as a "fiduciary relationship" or to suggest the relationship created a heightened duty of disclosure beyond Defendants' duty not to misrepresent or to conceal material facts in violation of the wire- fraud statute, 18 U.S.C. § 1349. To the extent that Summit documents, Summit's representatives, or Defendants personally used the word "trust" in connection with describing to Exchangers how their funds would be maintained, the

government is free to use that word in its trial presentations subject to any objection at trial that the government's references become misleading or prejudicially cumulative. The Court, therefore, **DENIES** Part E of this Motion subject to reconsideration at the time of trial.

With respect to Part F (Misrepresentations Not Alleged as an Element), Defendants withdrew this issue from the Court's present consideration because counsel believe this is a matter best considered in the context of jury instructions after the receipt of all of the evidence. The Court, therefore, does not make any ruling on Part F of Defendants' Motion.

With respect to Part G (Civil Suits and Settlements), the government noted in its written Response that it did not intend to offer such evidence. In any event, Defendants' counsel withdrew Part G of the Motion from the Court's consideration at the March 8, 2013, hearing.

With respect to Part H (Facsimile Alleging Monies Would Be Deposited in Trust), the record is not sufficiently developed at this stage for the Court to rule. At trial the government must lay an appropriate foundation for the proffer of any such "wire transfer letter," including a foundation that addresses Defendants' hearsay objections to such evidence, and the government must articulate whether and on what basis it offers such evidence against some or all Defendants. The Court,

therefore, **DEFERS** ruling on Part H of Defendants' Motion.

With respect to Part I (Cooperating Defendant Brian Steven's Guilty Plea), the Court concludes the government may, when offering the testimony of Defendant Stevens, introduce the fact that Stevens pleaded guilty and is testifying pursuant to a cooperation agreement, subject to an appropriate instruction that guides the jury in how they may use Stevens's testimony in determining the government's case against Defendants Neuman, Larkin, and Lyons. Thus, the Court **DENIES** Part I of Defendants' Motion.

With respect to Part J (Stevens' Opinion Testimony), Defendants seek to preclude the government from offering Stevens's lay opinion about the state of mind of Defendants Neuman, Larkin, and/or Lyons as to what they knew, intended, or understood from, among other things, various emails and other Summit documents. The government asserts there will be a sufficient foundation laid as to Stevens's personal knowledge of the "inner workings of the scheme to defraud" from which he could offer such lay opinions. The Court reserves ruling on this issue until trial and upon objection from any defense counsel after the government has laid the proposed foundation. If Defendants wish this issue to be considered outside of the presence of the jury, they should alert the government and the Court at the appropriate time. The Court, therefore, **DEFERS** ruling on Part J of

Defendants' Motion.

With respect to Part K (Losses and Personal Tragedies of Exchangers), the government reports it does not intend to offer any evidence of emotional, physical, or psychological effects on the Exchangers arising from any financial losses they sustained, and, to this extent, the Motion is **DENIED as moot**. The government, however, also seeks to offer evidence of the amount of financial losses certain Exchangers sustained at the time of the bankruptcy, which, as Defendants note, is the converse of the government's position that Defendants should not be able to offer evidence as to the historical record of Summit paying deposited funds back to Exchangers before Summit's bankruptcy. The Court will address this argument as part of its separate analysis of the government's Motion *in Limine* (#183) to Exclude Evidence Re Defendants' Intent to or Ability to Repay and Lack of Intent to Cause Economic Harm, Defendants' joint Response (#214); the government's Motion *in Limine* (#188) to Exclude Evidence Related to Bankruptcy Trustee Recoveries; and Defendants' joint Response (#214). The Court, therefore, **DEFERS** ruling on this aspect of Part K of Defendants' Motion.

With respect to Part L (Use of the Term "Victim"), the Court concludes in the exercise of its discretion that it is not unfairly prejudicial for the government to refer to the object of an alleged conspiracy to defraud as a "victim." The Court, therefore, **DENIES** Part L of Defendants' Motion with leave to

Defendants to renew the Motion during trial if, in the judgment of defense counsel, multiple such references appear to cause an unfairly prejudicial effect.

With respect to Part M (Witnesses in Courtroom), the Court permits the government's two case agents, F.B.I. Agent Clay Smith and IRS Special Agent Kathy Fern, to be present in the courtroom during trial to assist the government as counsel requests notwithstanding that each agent is also expected to be a trial witness. The Court otherwise excludes all trial witnesses.[1]

With respect to Part N (Summary Exhibits), the Court has issued a separate Order (#244).

With respect to Part O (Inadmissible Opinions or Statements Regarding Fraud), the Court reserves to trial all objections as to the form of a question or the inadmissibility of an answer on any ground.

With respect to Part P (Ponzi Scheme), the government agrees not to use this term, and, therefore, Part P is **DENIED as moot**.

With respect to Part Q (Arguments re "Willful Blindness"), Part R (Objections to State of Mind Evidence), and Part S (Objections to "Res Gestae" Evidence), the Court reserves to trial any objection as to the form of the question or the admissibility of an answer on any ground.

---

[1] Attached as Exhibit A is a form of Order excluding witnesses that the Court will enter on the first day of trial and post on the courtroom door during trial.

With respect to Part T (References to Neuman's House on McAlpine Loop), the government agrees it will not refer to Defendant Neuman's House.

With respect to Part U (Cumulative Testimony from Exchange Clients), the Court reserves to trial any objection as to the form of the question or the admissibility of an answer on any ground.

IT IS SO ORDERED.

DATED this 12th day of March, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge