**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:11-CR-00247-BR |
| Plaintiff, | ORDER |
| v. | |
| **MARK A. NEUMAN, TIMOTHY D. LARKIN, LANE D. LYONS,** | |
| Defendants. | |

**BROWN, Judge.**

For the reasons stated on the record at the Final Pretrial Conference on June 5, 2013, the Court makes the following rulings:

1. Defendants' Motion (#286) for Additional Peremptory Challenges is **GRANTED in part** and **DENIED in part**. In the exercise of its discretion pursuant to Federal Rule of Criminal Procedure 24(b), the Court provides Defendants with 12 peremptory challenges collectively to be used as they see fit. With respect to alternate jurors, the Court, in the exercise of its discretion pursuant to Federal Rule of Criminal Procedure 24(c)(4)(B),

1 - ORDER

provides the government with three peremptory challenges as to alternate jurors and provides Defendants with three peremptory challenges as to alternate jurors to be used collectively as they see fit.

2. Defendants' Motion (#288) for a Juror Questionnaire is **DENIED**.

3. Defendants' Joint Proposal (#290) for Voir Dire Topics is **GRANTED in part** and **otherwise DENIED**. To facilitate the voir-dire process, the Court will use the Voir Dire handout provided to counsel as amended by counsel's suggestions during the Pretrial Conference.

4. Defendants' Motion (#287) for Attorney Participation in Voir Dire is **GRANTED in part** and **otherwise DENIED**. Each party will be permitted a brief opportunity, which the Court expects will not exceed five minutes, to ask follow-up questions of prospective jurors material to the exercise of challenges for cause and peremptory challenges. Although each party may follow up as to questions that bear on a juror's qualifications to serve, counsel may not use this opportunity to present arguments.

5. The Motion (#281) of Defendants Larkin and Lyons to Clarify Court Order #250 is **GRANTED in part**. The evidentiary rulings in Order #250 concerning Defendant Neuman are also extended to Defendants Larkin and Lyons as follows: Defendants Larkin and Lyons may describe for background purposes (subject to

2 - ORDER

a limiting instruction) their subjective beliefs about the "reality" of the Summit-Inland relationship, but not for the inadmissible purpose of negating an intent to defraud. Defendants Larkin and Lyons may also testify about their subjective beliefs that Exchange Funds loaned to Inland were "highly secured." Motion (#281) is **DENIED** in all other respects.

    6.   The government's Motion *in Limine* (#301) to Preclude the Admission of Exhibits Relating to Defendants' Intent to Repay is **PROVISIONALLY GRANTED** subject to reconsideration after the government's case-in-chief and outside of the jury's presence. The exhibits identified in Motion #301 are not received into evidence at this time, and, accordingly, Defendants may not proffer such exhibits or speak about them in the jury's presence until given leave to do so by the Court. Defendants may use the exhibits to facilitate examination of a witness as long as the exhibit itself is not read to or displayed to the jury.

    7.   The government's Motion *in Limine* (#295) to Preclude Defense Exhibits 1004, 1074, 1092, 1107, 1166, 1258-1262, and 1341 is **PROVISIONALLY GRANTED** subject to reconsideration outside of the jury's presence. Exhibit 1092 is withdrawn by Defendants. The remaining exhibits identified in Motion #295 are not received into evidence at this time and are subject to the same limitations described in paragraph 6 above.

8. The government's Motion (#292) to Exclude Expert Testimony Relating to Trusts is **DENIED as moot** based on the parties' concurrence that the issue may be adequately addressed via an explanatory instruction from the Court. Counsel shall confer and make a single **joint** proposal to the Court of appropriate language for the Court to instruct the jury concerning the use and meaning of the word "trust" in the context of the evidence in this case in order to avoid any juror misunderstanding that a legal trust relationship existed between Summit and its clients or that a heightened duty was owed to such clients (issues the Court has already resolved in the negative).

9. The government's Motion *in Limine* (#293) to Preclude the Admission of Self-Serving Hearsay on Defense Exhibits is **PROVISIONALLY GRANTED** subject to reconsideration at trial. The exhibits identified in Motion #293 are not received into evidence at this time and are subject to the same limitations described in paragraph 6 above.

10. The government's Motion *in Limine* (#291) to Exclude Expert Testimony and Exhibits Regarding the Summit Bankruptcy (is **GRANTED in part** and **DENIED in part**. After Catherine S. Travis is qualified as an expert witness and after an adequate foundation is provided at trial, Ms. Travis may testify as to bankruptcy options available to Summit (and Defendants) and as to the consequences of those various options. Ms. Travis may not

4 - ORDER

testify as to her opinion that Defendants acted responsibly or professionally or acted in a manner to maximize asset values.

11. Defendants' Motion *in Limine* (#285) to Exclude Government Exhibits 222 and 223 is **DENIED as moot**. The government has agreed not to use Exhibits 222 and 223 in its case-in-chief and will use said exhibits in redacted form as described in its response.

12. Defendant Larkin's Motion *in Limine* (#333) to Preclude Government Exhibit 56 is **DENIED** subject to reconsideration under Federal Rule of Evidence 403 at trial. Exhibit 56 may be received into evidence following an adequate evidentiary foundation.

13. Defendant Larkin's Motion *in Limine* (#338) to Preclude the Government from Eliciting Speculative Lay Opinion Testimony is **GRANTED in part** and **DENIED in part**. The government may not ask branch operators or branch managers their opinions as to whether Summit clients would have used Summit to complete their exchanges if the clients had known how Defendants were actually using client funds for personal and other investments. On the other hand, Summit clients may offer their own opinions as to how they would have chosen to proceed if they had known Defendants were using client funds to make such investments. In addition,

branch operators and branch managers may provide other testimony about which these witnesses have personal knowledge and from which jurors may draw inferences, but the described lay opinions of these witnesses are not admissible. Finally, any opinion evidence from witness Brian Stevens concerning the use of client funds also must be based on his personal knowledge.

    14. The government's Motion *in Limine* (#347) to Exclude Testimony of Expert Witness James Marohn, CPA, is **GRANTED in part** and **otherwise DENIED**. The parties shall not refer to potential witness Mr. Marohn nor his proposed opinions in the jury's presence until the matter is resolved at a later time and based on a further development of the record. The Court intends to conduct a Rule 104 hearing with the witness and, in the interests of preserving trial time, likely will conduct that proceeding during a Noon recess in the midst of trial. Counsel shall confer to determine how soon that hearing should occur and report to the Court so that time may be set aside.

    15. Defendant Neuman's Motion (#344) for Leave to Use Photographs as Demonstrative Aids is **DENIED**. Although Defendant Neuman may testify that some of the funds used as part of the alleged conspiracies were personal funds he received through an inheritance, he may not testify that the funds were the product of a settlement arising from his father's unfortunate death due to mesothelioma.

16.  Defendants' Request to Use the Proposed Verdict Form is **DENIED**.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge